HOUMA CYPRESS COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8627. Promulgated October 6, 1931.

*George Seth Guion, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner notified the petitioner that he had denied claims in abatement for 1919, 1920 and 1922 in the respective amounts of $1,231.62, $3,254.65 and $583.48. The latter determination is not contested. The only error assigned is:

> In reconstructing invested capital as at December 31st., 1918, the Department shows an adjusted invested capital of $204,673.66 and as at December 31st., 1919 an adjusted invested capital of $133,967.67 whereas in original returns filed the invested capital was $229,110.53 as at December 31st., 1918 and $198,544.15 as at December 31st., 1919.

The petitioner was a corporation organized under the laws of Louisiana. This proceeding is by its liquidator. The answer admits that the Commissioner did the things complained of, but denies any error was committed.

The petitioner had contracted to pay one-half of its net profits to the Dulac Cypress and Shingle Company. In June, 1919, the latter company was suing the petitioner in regard to its one-half of the petitioner's net income. The petitioner desired to pay dividends to its stockholders through the issuance of interest-bearing notes. The two companies on June 18, 1919, entered into an agreement providing that some of the issues in the suit should be settled by the petitioner giving its notes to the Dulac Company, one issue should be left for decision by the court, and providing further as follows:

The Houma Company shall be permitted to declare a dividend from the operation of 1917 and 1918 not exceeding the amount of $103,617.72 instead of borrowing the money with which to pay this dividend in cash, it is understood that the Houma Company may issue to its stockholders, notes representing such dividends, which notes shall be dated January 1st., 1918 to represent the dividends for the year 1917 and January 1st., 1919 to represent the dividends for the year 1918. All notes shall be due on August 1st., 1920 and shall bear interest at 6% from their date until paid. It is distinctly understood and agreed, however, that these notes shall be subordinate to the notes issued to the Dulac Company as above provided and shall be also subordinated to the rights of the Dulac Company under its contract of date, September 13th., 1913. That is to say that the notes delivered to the Dulac Company shall be paid by preference and priority from the assets of the Houma Company before any amount is paid upon the notes to be delivered by the Houma Company to its stockholders, and furthermore that the Dulac Company shall always be paid any amount that might be due it under its contract of September 13th, 1913 by the Houma Company before any amounts are paid by the Houma Company upon the notes delivered to its stockholders and that there shall be written into the face of the notes to be delivered to the stockholders of the Houma Company, a stipulation that said notes are issued in accordance with the terms of the resolution of the Houma Company approving this contract. The intent being that any third person who might acquire said note shall be bound by the provisions of this contract.

Thereafter, the petitioner issued to its stockholders certain of its notes as shown below:

| Series | Dated | Payable on or before— | Total amount |
|---|---|---|---|
| C | January 1, 1918 | January 1, 1922 | $50,574.43 |
| D | January 1, 1919 | do | 53,043.31 |
| E | March 18, 1920 | January 1, 1923 | 80,087.77 |

The Series C notes were paid in the latter part of 1919 and the first part of 1920. The Series D notes were all paid between July 16, 1920, and October 25, 1920. The Series E notes were paid between December 28, 1922, and May 21, 1923. Each contained a statement that it was "issued in accordance with and subject to the conditions of contract entered into with Dulac Cypress Company of date June 18, 1919, and ratified at stockholders' meeting held October 14, 1919."

The notes bore interest at 6 per cent from their respective dates. Series C and D were issued some time after June 18, 1919.

These notes were issued after a resolution was adopted authorizing their issuance.

In adjusting invested capital for 1919 the Commissioner deducted $11,717.94, which he explained as follows:

| | |
|---|---:|
| Dividends paid October 23, 1919 | $103,617.74 |
| Deduct current earnings, less accrued Federal income tax | 42,517.06 |
| Amount paid out of surplus to be prorated | 61,100.68 |
| Prorated for 70 days | 11,717.94 |

For 1920 he made a similar adjustment of $48,430.81, based on a dividend of $80,087.77 on March 18, 1920.

Dividends reduce invested capital from the date declared rather than from the date paid. The stockholders of the petitioner became creditors of the corporation at the time the dividends were declared. They were certainly creditors from the time they received the notes regardless of when or under what circumstances the notes were to be paid. They were paid, thus showing there was no impossible condition attached. The Commissioner committed no error. *W. E. Caldwell Co.*, 6 B. T. A. 47.

*Judgment will be entered for the respondent.*